UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sontez Johnson, : Case No. 1:13-cv-82
:
    Petitioner, :
:
vs. :
:
Warden, Lebanon Correctional Institution, :
:
    Respondent. :

**ORDER**

Petitioner Sontez Johnson filed a pro se petition for a writ of habeas corpus on February 4, 2013.  (Doc. 1)  Respondent filed a return on May 28, 2013 (Doc. 9), and Petitioner sought and was granted additional time to file his traverse.  Petitioner failed to file his traverse by the date he had requested.  Long after that date passed, and with no further word from Petitioner, the Magistrate Judge issued his Report and Recommendation on September 29, 2014.  (Doc. 14)  He recommended that the petition should be denied with prejudice.

Petitioner filed a motion seeking an additional 90 days in which to file his objections to the Report (Doc. 16), and citing his limited access to the prison library as a reason he needed additional time.  This Court granted his request.  (Doc. 13) Petitioner filed a second motion seeking another 30 days to file his objections. (Doc. 17)  His brief motion does not cite any basis for granting him more time.  Moreover, he waited until January 9 - only 8 days before his current due date - to file his unsupported request.  The Court therefore denies Petitioner's motion for extension of time (Doc. 17), as he has not shown good cause, or any cause, for granting it.

As Petitioner has not timely objected to the Magistrate Judge's Report, recommending that his petition be dismissed with prejudice, this Court adopts in full the Report of the Magistrate Judge. Petitioner's claims set forth in his habeas petition are dismissed with prejudice. The Court finds that a certificate of appealability should issue with respect to Claim Two of the petition, raising a Confrontation Clause violation, because reasonable jurists would find it debatable whether the claim raised should be resolved in a different fashion, and whether the issue that Petitioner presents is adequate for further proceedings. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). The Court denies the issuance of a certificate on the rest of his claims, as the Court concludes that reasonable jurists would not debate the Court's conclusion that those claims lack merit, or whether the basis for the Court's dismissal was correct. Petitioner may seek a certificate from the Sixth Circuit Court of Appeals on Claims One and Three, pursuant to Fed. R. App. Proc. 22 and Rule 11(a) of the Rules Governing Section 2254 Cases.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal of this Order would be taken in good faith, and grants leave to appeal in forma pauperis upon a showing of financial necessity. See Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

DATED: January 21, 2015         s/Sandra S. Beckwith
                                Sandra S. Beckwith, Senior Judge
                                United States District Court